**HOLLISTER LAW OFFICE, APC**  (Bar No. 302125**)**
Bradley C. Hollister (bradley@hollisterlawoffice.com)
228 W. Carrillo Street, Suite D
Santa Barbara, CA 93101
(805) 284-0711
Attorneys for Plaintiff

**ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP**
Robert A. Soloway (rsoloway@rssslaw.com)
David Stern (dstern@rssslaw.com)
100 Lafayette Street
New York, New York 10013
(212) 571-5500
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY McCONNELL, fiduciary and representative of the Estate of MOHAMED YUSUF, Deceased,<br><br>　　　　Plaintiff,<br>　vs.<br><br>THE UNITED STATES OF AMERICA, JOHN DOES 1 - 10 and SUPERVISOR JOHN DOES 10 - 20 OF THE DEPARTMENT OF JUSTICE AND THE FEDERAL BUREAU OF PRISONS,<br><br>　　　　Defendants. | Case No: 21 Civ 3661 (CBM)<br><br>ATTORNEY DECLARATION IN RESPONSE TO ORDER TO TO SHOW CAUSE |

　　　ROBERT A. SOLOWAY, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury the following:

　　　1. I am a member of the firm of Rothman, Schneider, Soloway & Stern, LLP, and am one of the attorneys representing the Plaintiff in this matter, the Estate of Mohamed Yusuf.  I am duly admitted to practice in both the Southern and Eastern Districts of New York, and am admitted in this matter *pro hace vice* as counsel for the Plaintiff pursuant to the Order of this Court entered May 25, 2021, and appearing as Docket Entry 34.

　　　2. I make this Declaration in response to this Honorable Court's Order to Show Cause why this Action should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m), which mandates dismissal of an action without prejudice in the event of failure by Plaintiff to serve

process upon the defendants within 90 days of the commencement of an action.[1]

    3. Plaintiff duly served process upon the United States and upon the individual defendants, William Carvajal and Louis Milusnic, within the mandated time period, and has duly filed proof of service electronically on the docket of this matter. Accordingly, it is most respectfully averred that Plaintiff is in compliance with the requirements delineated in the Order to Show Cause to which this Declaration responds, and it is prayed that this action be permitted to continue.

    4. Additionally, while Plaintiff has not moved to take a default in this matter against the defendants whose responsive pleadings were due in August, 2021, we have very diligently been investigating the factual circumstances underlying our pleaded claims, and, with the Court's permission, intend to respectfully apply to serve a First Amended Complaint in this action, a copy of which (styled "Proposed First Amended Complaint") is attached as Exhibit A to this Declaration for the Court's reference. Such proposed pleading is the product of Plaintiff's counsel's extensive investigation into the facts underlying this matter, which has been ongoing since before the original complaint was filed and served.

    6. Plaintiff's decedent in this serious matter, Mohamed Yusuf, died at 37 years of age at Lompoc Federal Correctional Complex on May 25, 2020, just one year prior to his release date. Plaintiff's investigation included, but was by no means limited to, a visit to Lompoc FCI by two attorneys from my law firm on June 20, 2021. That visit, and extensive factual investigation which preceded it, was for the purpose of interviewing witnesses we had learned were privy to the circumstances that contributed to the death of Mr. Yusuf after he become infected with COVID-19. We have also made contact with numerous other witnesses not incarcerated at all, or no longer incarcerated at Lompoc Correctional Complex, who have provided counsel with material information in support of Plaintiff's claims, and which informs the allegations in the amended pleading we

---

[1] I am aware of the Order filed in this matter on May 24, 2021 (Dkt Entry 28) identifying June 28, 2021 as the date before which process in this matter was required to be served, and also referencing this Court's Local Rule mandating the filing of proof of service within ten days of service. Local Rule 73-2.2. Through oversight, I failed to note the Court's direction to file as well a status report as part of counsel's duties pursuant to the Order, and apologize to the Court for neither seeing the requirement, nor providing the report. Counsel endeavors here to cure that failure by fully explaining the status of this matter in the instant Declaration.

propose to file.

5. We will be moving pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to file the proposed amended pleading forthwith, but in no event later than November 5, 2021. Such Rule provides that an amended pleading may be filed with the Court's leave, and that such leave should be "freely give[n] ... when justice so requires." It is respectfully submitted that all of the circumstances underlying this matter, including the obstacles confronting Plaintiff's counsel and his fiduciary in seeking to gather information in support of claims relating to events which occurred inside a federal correctional complex, should be considered by this Honorable Court in deciding whether the application to file an amended complaint should be granted.

5. Such proposed pleading names individuals whom it is claimed are personally responsible for the derelictions of duty alleged to have legally and factually caused or contributed to Decedent's death. Such personal responsibility by government actors must be proved by Plaintiff in order to carry her burden of proof under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

6. Moreover, our intent since filing this action has been to gather the information which we now possess, but which had not been fully assembled when the original complaint was filed.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully prays that this action not be dismissed in light of the facts presented herein, and that this Honorable Court permit Plaintiff to file an application to amend its complaint to conform in form and substance to the document filed together with this Declaration. At this time, counsel is fully willing and able to move this matter expeditiously forward in accordance with the rules of this Honorable Court, and to zealously litigate the matter on behalf of our client.

Dated: November 1, 2021

Respectfully Submitted,

Rothman, Schneider, Soloway & Stern, LLP

By: /s/ *Robert A. Soloway*
      Robert A. Soloway