**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**

SHERRY McCONNELL, fiduciary and representative of the Estate of MOHAMED YUSUF, Deceased,

        Plaintiff,

vs.

THE UNITED STATES OF AMERICA, JOHN DOES 1 - 10 and SUPERVISOR JOHN DOES 10 - 20 OF THE DEPARTMENT OF JUSTICE AND THE FEDERAL BUREAU OF PRISONS,

        Defendants.

Case No: 21-cv-3661 (CBM)

MOTION FOR LEAVE TO AMEND COMPLAINT

    Pursuant to Federal Rule of Civil Procedure 15 and Local Rules 15-1, 15-2, and 15-3, Plaintiff, SHERRY McCONNELL, fiduciary and representative of the Estate of MOHAMED YUSUF, Deceased, respectfully requests leave to amend her Complaint in the above-captioned case. Plaintiff seeks leave to amend and to name individual defendants who bear personal responsibility for the derelictions of duty which resulted in the death of the Decedent from medically untreated COVID-19 while he served a sentence of imprisonment at Lompoc Federal Correctional Institute ("Lompoc FCI"), the low security facility located within the larger Lompoc Correctional Complex. Plaintiff's Proposed First Amended Complaint is annexed hereto as Exhibit A. A proposed Order allowing the amendment should the motion be granted is annexed as Exhibit B.[1]

    The individuals Plaintiff seeks to add as defendants are named agents and/or employees of the Federal Bureau of Prisons ("BOP") who served or still serve as medical staff, correctional officers, and in other official capacities within Lompoc FCI. Forming the basis of the instant application is information the Plaintiff has gathered since filing the initial complaint, which includes, but is not limited to witness interviews by counsel, review of media coverage and legal documents concerning Lompoc FCI's response to the pandemic, and consultation with other attorneys. Such investigative

---

[1] The proposed amended complaint is the same as that which was filed as an exhibit to the Declaration of Robert A. Soloway, Esq. on November 1, 2021 (Dkt Entry 18) with the lone exception being the addition of a correctional officer, FNU Tesone, who is now among the newly named proposed defendants, but was not included in the November 1 filing.

steps have unearthed facts as to what actually happened when Decedent became infected with COVID-19 in May, 2020, culminating in his death less than three weeks later.

The United States has not yet appeared in this action. That is due to Plaintiff having not fully completed service on the government. In fact, Rule 4(i)(A) of the Federal Rules of Civil Procedure, provides that to effect service on the United States, a copy of the summons and complaint must be served upon "the United States attorney for the district where the action is brought." In addition, Rule 4(i)(B) requires that the same documents must also be delivered "by registered or certified mail to the Attorney General of the United States at Washington, D.C." *See*, F. Rule Civ. P. 4(i). In this matter, due to oversight, only the second service requirement was carried out by Plaintiff in this matter, and the United States, having not been served in the "district where the action is brought" has not appeared, and at this time, has no record of the action having been commenced among its files.[2]

**BACKGROUND**

Plaintiff filed a Complaint in this case on April 29, 2021, bringing claims against employees of the United States under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971), who are alleged to have violated rights guaranteed Decedent under the Eighth Amendment to the United States Constitution. Additionally, Plaintiff has pleaded claims under the Federal Tort Claims Act against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1).

---

[2] This writer has spoken twice -- on Friday, November 5 and today -- to Joanne S. Osinoff, the Chief of the Civil Division of the United States Attorney's Office for the Central District of California regarding this matter. Miss Osinoff has authorized me to inform the Court that the government agrees to accept late service of process from Plaintiff of the original summons and complaint at its offices in Los Angeles, which Plaintiff will effectuate this week, and also does not oppose Plaintiff's motion to amend so long as the amendment serves the specific purpose only of naming previously unnamed individuals formerly identified only as John Does. Plaintiff, for its part, agrees that she will not oppose the government being treated for all purposes as a party which has just been served with process in this action, including with respect to all time periods set forth in the Federal Rules of Civil Procedure which relate to or govern a defendant's time to answer, move, or take any other action upon being served with process in an action of the kind being prosecuted herein by Plaintiff.

As counsel for the Decedent in his underlying criminal matter in the Eastern District of New York, this writer's office was contacted by attorneys from the local Federal Defender's Office in California with knowledge of Mr. Yusuf's death to advise of his passing.  We also were contacted by family members of the Decedent who reside in Sweden, the nation of which the Decedent was a citizen.  We agreed to represent the Estate of our client, and retained local counsel to initiate steps to secure the appointment of a suitable representative with authority to commence litigation.  Counsel in Santa Barbara filed the necessary applications, and on or about September 22, 2020, the Superior Court of California, County of Santa Barbara, appointed private professional fiduciary, Sherry McConnell, as Special Administrator to initiate litigation on behalf of Decedent's estate.

The Decedent in this case died at Lompoc at 37 years of age with no underlying medical conditions constituting dangerous co-morbidities of COVID-19, and, upon information and belief, no significant health infirmities at all.  His underlying arrest took place in or about 2012 and an indictment was unsealed against him in the Eastern District of New York charging conspiracy to provide material support to a foreign terrorist organization on or about October 18, 2012.  Mr. Yusuf was detained during the pendency of the criminal action, and eventually pleaded guilty to the charged conspiracy on or about May 12, 2015 before the Hon. John Gleeson, and was sentenced principally to 132 months imprisonment on or about January 15, 2016.  Having served nearly twelve years in prison, and, upon information and belief, free of disciplinary infractions, Mr. Yusuf was set to be released approximately one year after the date he died.

Having conducted thorough factual investigation, Plaintiff's counsel is now in a position to prosecute this action expeditiously and to prove that the individuals named in the Proposed Amended Complaint subjected the Decedent to a substantial risk of harm with deliberate indifference to his health or safety, leading to and resulting in his death.  In sum and substance, the Decedent contracted COVID-19 on or about May 7, 2020, and became sicker, weaker, and more unable to walk or to breathe with each passing day until finally, on May 25, he lost consciousness while trying to take air into his lungs, lapsed into unconsciousness, and died.  Despite his profoundly worsening symptoms, he was never taken to an off-site medical facility for evaluation or treatment, nor provided with any meaningful medical attention or care within the facility.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a)(2) allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial. Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." *Id*.

Because Rule 15(a) instructs that leave to amend pleadings should be "freely" given, the standard of review is liberal. Indeed, the Ninth Circuit has instructed that the rule "should be interpreted with 'extreme liberality,'" *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). It has been further held that "[a]n outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion." *Smith v. Constellation Brands, Inc.*, 2018 WL 991450, at *2 (9th Cir. Feb. 21, 2018) (quoting *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008), and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Finally, it has also been held that a district court has discretion to deny leave to amend only "'due to ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Id*. at *2 (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) and *Leadsinger, Inc.,* 512 F.3d at 532). Clearly no such circumstances exist in the instant matter.

Rather, in the case at bar, Plaintiff does not seek to alter or add to the legal theories originally pleaded, but rather seeks only to amend to add individual defendants who investigation shows were personally involved in the failures to attend and adequately respond to Decedent's May, 2020 COVID-19 infection, and to his ensuing rapid physical decline and death. The investigation which revealed these facts included, but was not limited to, a visit to Lompoc FCI by two attorneys from my law firm in June, 2021 to interview inmates with knowledge of the facts. Contact has been established as well with several other sources of information which also informs the allegations in the amended pleading against the defendants we seek leave to add and to serve. We further ask this Honorable Court to consider in adjudicating this application the obstacles confronting Plaintiff's counsel and his fiduciary in seeking to gather reliable information as to events which occurred inside a federal correctional institution, and to hold officials of that institution to account for malfeasance resulting in death.

The legal claims in Plaintiff's original complaint are the same as those in the proposed amendment. Furthermore, the addition of personally responsible named defendants can come as no surprise to the United States as John Does were named in the original complaint, and amendments thereby signaled. Moreover, it also comes as no surprise to the defendants named in the proposed amendment, for they too know of their own actions and omissions in relation to the lack of care and treatment delivered to the Decedent, and to their own derelictions of duty which led to his death. As such, there is clearly no undue prejudice to anyone as a result of the amendmernt.

## CONCLUSION

For all of the aforesaid reasons, Plaintiff respectfully prays for an order granting leave to amend the original Complaint in the above-captioned matter in the form of the proposed pleading annexed as Exhibit A hereto.

Respectfully submitted this 8th day of November, 2021.

> Rothman, Schneider, Soloway & Stern, LLP
> Attorneys for Plaintiff
> 100 Lafayette Street, Suite 501
> New York, New York 10013
> (212) 571-5500
>
> By: /s/ *Robert A. Soloway*
>     Robert A. Soloway

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I caused to be electronically filed the foregoing Motion with the clerk of the court by using the CM/ECF system, which will send an electronic notice to all interested parties. I have also caused the foregoing to be emailed to Joanne S. Osinoff, Chief of the Civil Division of the United States Attorney's Office for the Central District of California at her official email address.

/s/ *Robert A. Soloway*
Robert A. Soloway